IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MICHAEL S. SMITH,

   Petitioner,      **CASE NO. 2:04-CV-606**
               **JUDGE FROST**
               **Magistrate Judge KING**

   v.

ALAN LAZAROFF, Warden,

   Respondent.


## REPORT AND RECOMMENDATION

   Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.

   For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **DENIED** and that proceedings in this action be **STAYED** while petitioner exhausts state court remedies as to his claims. Additionally, the Magistrate Judge **RECOMMENDS** that petitioner be ordered to notify the Court within thirty days of the completion of state court proceedings and to advise the Court every thirty days of the status of those state court proceedings. The Magistrate Judge further **RECOMMENDS** that petitioner be advised that failure to comply with the foregoing may result in dismissal of this action.

## I. PROCEDURAL HISTORY

   Petitioner was indicted by the July 2002 term of the Madison County grand jury on one count of illegal use of a minor, in violation of O.R.C. §2907.323(A)(3). Exhibit A to Return of Writ. On December 17, 2002, while represented by counsel, petitioner pleaded no contest to the charge.

Exhibit C to Return of Writ.  He was sentenced to eleven months incarceration.[1]  Exhibit D to Return

of Writ.  Represented by new counsel, petitioner filed a timely appeal of his conviction to the

Twelfth District Court of Appeals. Appellate counsel filed a brief pursuant to *Anders v. California,*

386 U.S. 738 (1967),[2] in which he raised the following potential assignment of error:

> Whether the trial [court] abused its discretion in determining that the
> exhibits as submitted were pornographic.

Exhibits E and F to Return of Writ.  Petitioner submitted the following additional assignments of

error:

> 1.  Ineffective assistance of trial counsel.
>
> Trial counsel's limited understanding of the post release control
> statute led to trial counsel's erroneous advice for the defendant to
> enter a plea of "no contest" to the indictment and acceptance that the
> defendant be subject to three years post release control.

---

[1] On December 7, 2004, petitioner was terminated from post release control, and it appears, therefore, that his sentence has expired.  On May 25, 2004, however, petitioner was sentenced to twelve years on twelve counts of pandering sexually oriented matter involving a minor, in violation of O.R.C. §2907.322.  *See* Exhibits K and L to Return of Writ.  These convictions are not at issue here.

[2] In *Anders v. California, supra,* 386 U.S. at 744, the United States Supreme Court held:

[I]f [appellate]counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

2

    2.  Trial court imposed an illegal sentence.

Exhibit G to Return of Writ.  On April 12, 2004, the appellate court dismissed the appeal.  Exhibit

H to Return of Writ.  Petitioner never filed an appeal to the Ohio Supreme Court.

    On July 14, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of

the Constitution of the United States based upon the following grounds:

    1.  Trial court imposed an illegal sentence.

    Trial court sentenced defendant to eleven (11) months incarceration
    and "that the defendant be subject to three (3) years post release
    control," per plea agreement, in violation of O.R.C. §2967.28, which
    mandates five (5) years for the offense.

    2.  Ineffective assistance of counsel.

    Trial counsel was unfamiliar with P.R.C. [post release control] statute
    and did not know five (5) years P.R.C. was mandatory and advised
    defendant to accept an illegal plea agreement that represented three
    (3) years P.R.C. as the maximum range of the P.R.C. portion of the
    sentence.

    3.  Plea was not voluntarily made with understanding of maximum
    sentence exposure.

    Trial counsel misadvised defendant that three (3) years P.R.C. was
    maximum range of supervision after completion of eleven (11)
    months incarceration, thus rendering plea involuntary and
    unknowingly entered.

    4.  The Ohio Adult Parole Authority (A.P.A.) violated due process by
    "correcting" improper sentence.

    Upon arrival at corrections reception center A.P.A., through their
    agent, increased the P.R.C. portion of defendant's sentence to five (5)
    years illegally increasing defendant's sentence by two years.

It is the position of the respondent that this action is moot due to the expiration of petitioner's

sentence.  Alternatively, respondent argues that claims one and two are unexhausted, and that claims three and four are procedurally defaulted.

## II.  MOOTNESS

It is the position of the respondent that this entire action has become moot with the termination of petitioner's post release control.  This Court does not agree.

Petitioner filed the instant habeas corpus petition on July 14, 2004.[3]  On December 4, 2004, petitioner was unfavorably finally terminated from post release control by the Ohio Adult Parole Authority due to his convictions on new felony offenses.  Exhibits L and M to Return of Writ. Contrary to the argument of the respondent, petitioner does not challenge the imposition of post release control, or its termination, but rather the legality of his underlying conviction.  Therefore, petitioner's release from incarceration and the expiration of his sentence do not render this habeas corpus petition moot, since petitioner filed the petition while he was still in custody on the conviction at issue.  *Ward v. Knoblock*, 738 F.2d 134, 135 (6th Cir. 1984), citing *Fiswick v. United States*, 329 U.S. 211, 222 (1946), and *Carafas v. Lavallee,* 391 U.S. 234 (1968).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some "collateral consequence" of the conviction--must exist if the suit is to be maintained. *See, e.g., Carafas, supra*, at 237- 238, 88 S.Ct., at 1559-60. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur). *See Sibron v. New York*, 392

---

[3]  He signed the petition on April 5, 2004.

U.S. 40, 55-56, 88 S.Ct. 1889, 1898-99, 20 L.Ed.2d 917 (1968).

*Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

### III. EXHAUSTION

Respondent also contends that this action must be dismissed as unexhausted. Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Upon review of the record, this Court concludes that claims one, two, and three[4] were properly raised by petitioner in his *pro se* appellate brief. *See* Exhibits G and H to Return of Writ. However, petitioner never filed an appeal of the appellate court's April 12, 2004, decision denying

---

[4] In claim three, petitioner asserts that his guilty plea was not knowing, intelligent or voluntary due to counsel's misadvice regarding the required term of post release control. It is the position of the respondent that this claim has never been presented to the state courts. Construing petitioner's *pro se* appellate brief liberally, however, this Court concludes that petitioner raised claim three on direct appeal. In his *pro se* appellate brief, petitioner argued that he was denied the effective assistance of counsel due to his attorney's erroneous advice, and that he was thereby involuntarily subjected to a greater sentence than he expected. *Id.*

5

such claims to the Ohio Supreme Court, and he may still file a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a).[5]

In claim four, petitioner asserts that he was denied due process when the Ohio Adult Parole Authority improperly increased his sentence by increasing his required term of post release control from three years to five years. The exact nature of this claim is unclear. Petitioner states that he raised this same claim in his *pro se* appellate brief, in support of his claim of ineffective assistance of counsel. *See Traverse*, at 5. If, in claim four, petitioner intends to again raise the same issues already presented in his *pro se* appellate brief, *i.e.*, that his guilty plea was invalid and that he was denied the effective assistance of counsel due to improper advice by counsel regarding the required term of post release control, petitioner may exhaust this claim by filing a delayed appeal to the Ohio Supreme Court. If, however, petitioner intends to raise in claim four an independent due process claim challenging the acts of the parole board, it would appear that such claim would properly be raised in a petition for a writ of mandamus pursuant to O.R.C. §2731.01 or in a declaratory judgment action. *See Hattie v. Anderson*, 68 Ohio St.3d 232, 234 (1993); *William v. Perini*, 557 F.2d 1221, 1223 (6th Cir. 1977).[6] In addition, petitioner must appeal any adverse decision in the state court to

---

[5] Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a) provides:

In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the court of appeals opinion and the judgment entry being appealed shall be attached to the motion.

[6] It is the position of the respondent that claim four would properly be raised in a petition for post conviction relief pursuant to O.R.C. §2953.21(A)(1)(a):

6

all appropriate courts, including the Supreme Court of Ohio, in order to satisfy the exhaustion

requirement of 28 U.S.C. §2254

  That said, the time period during which a federal habeas petition is pending does not toll the

―――――――――――――

   Any person who has been convicted of a criminal offense... and
who claims that there was such a denial or infringement of the
person's rights as to render the judgment void or voidable under
the Ohio Constitution or the Constitution of the United States...
may file a petition in the court that imposed sentence, stating the
grounds for relief relied upon, and asking the court to vacate or set
aside the judgment or sentence or to grant other appropriate relief.
The petitioner may file a supporting affidavit and other
documentary evidence in support of the claim for relief.

Assuming that claim four would be properly considered in a petition for post conviction relief,
however, such action would now be untimely, and petitioner would have to meet the
requirements for filing a delayed post conviction action under O.R.C. §2953.23:

  [A] court may not entertain a petition filed after the expiration of the period
  prescribed in division (A) of that section or a second petition or successive
  petitions for similar relief on behalf of a petitioner unless both of the following
  apply:

  (1) Either of the following applies:

  (a) The petitioner shows that the petitioner was unavoidably prevented from
  discovery of the facts upon which the petitioner must rely to present the claim for
  relief.

  (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of
  the Revised Code or to the filing of an earlier petition, the United States Supreme
  Court recognized a new federal or state right that applies retroactively to persons
  in the petitioner's situation, and the petition asserts a claim based on that right.

  (2) The petitioner shows by clear and convincing evidence that, but for
  constitutional error at trial, no reasonable factfinder would have found the
  petitioner guilty of the offense of which the petitioner was convicted or, if the
  claim challenges a sentence of death that, but for constitutional error at the
  sentencing hearing, no reasonable factfinder would have found the petitioner
  eligible for the death sentence.

running of the statute of limitations under 28 U.S.C. §2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 172 (2001). The statute of limitations applicable to this case has now expired. Therefore, should this Court dismiss the petition in its entirety rather than stay proceedings while petitioner pursues additional state court action in this case, the one-year statute of limitations may bar any future habeas corpus filing.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the United States Court of Appeals for the Sixth Circuit held that, under these circumstances,

> [a] district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court. [*Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001)]. To allay the concern that a petitioner might take an undue amount of time to pursue state court remedies... a brief, reasonable time limit [should be imposed] upon the petitioner to present claims to state courts and return to federal court exhaustion, "normally 30 days" after a stay is entered for the former, and "30 days" after state court exhaustion is completed for the latter. *Id.* at 381.

*Id. See also Pliler v. Ford,* 542 U.S. 225 (2004).

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **DENIED** and that further proceedings in this case be **STAYED** while petitioner exhausts state court remedies as to his claims. The Magistrate Judge further **RECOMMENDS** that petitioner be ordered to notify the Court within thirty days of the completion of state court proceedings and ordered to advise the Court every thirty days of the status of state court proceedings. The Magistrate Judge **RECOMMENDS** that petitioner be advised that failure to comply with the foregoing may result in dismissal of this action.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed

findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


June 13, 2005                                             *s/Norah McCann King*
                                                          Norah McCann King
                                                     United States Magistrate Judge


9