**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL S. SMITH,**

       **Petitioner,**

  v.                                 **CASE NO. 2:04-cv-606
                                          JUDGE FROST
                                          MAGISTRATE JUDGE KING**

**ALAN LAZAROFF, Warden,**

       **Respondent.**

**REPORT AND RECOMMENDATION**

On July 6, 2005, proceedings in the instant habeas corpus petition pursuant to 28 U.S.C. §2254 were stayed so that petitioner could exhaust state court remedies as to his claims. *See* Doc. No. 34. On September 19, 2005, upon notice of petitioner's completion of state court action, proceedings were reactivated. Doc. No. 41. On November 4, 2005, respondent filed a supplemental return of writ. Doc. Nos. 46, 47.

Upon review of the entire record, and for the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** and that petitioner's request for default judgment, Doc. No. 42, be **DENIED**.

**I. PROCEDURAL HISTORY**

The procedural history of this case is detailed in the *Report and Recommendation,* June 14, 2005, Doc. No. 28, but is repeated here for clarification. Petitioner was indicted by the July 2002 term of the Madison County grand jury on one count of illegal use of a minor, in violation of O.R.C. §2907.323(A)(3). Exhibit A to Return of Writ. On December 17, 2002, while represented by counsel, petitioner pleaded no contest to the charge. Exhibit C to Return of Writ. He was sentenced

to eleven months incarceration.[1]  Exhibit D to Return of Writ.  Represented by new counsel, petitioner filed a timely appeal of his conviction to the Twelfth District Court of Appeals. Appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which he raised the following potential assignment of error:

> Whether the trial [court] abused its discretion in determining that the exhibits as submitted were pornographic.

Exhibits E and F to Return of Writ.  Petitioner submitted, *pro se,* the following additional assignments of error:

> 1.  Ineffective assistance of trial counsel.
>
> Trial counsel's limited understanding of the post release control statute led to trial counsel's erroneous advice for the defendant to enter a plea of "no contest" to the indictment and acceptance that the defendant be subject to three years post release control.
>
> 2.  Trial court imposed an illegal sentence.

Exhibit G to Return of Writ.  On April 12, 2004, the appellate court dismissed the appeal.  Exhibit H to Return of Writ.  Petitioner never filed a timely appeal of the appellate court's decision; however, after these proceedings had been stayed, petitioner filed a motion for delayed appeal to the Ohio Supreme Court.  On September 7, 2005, petitioner's motion for delayed appeal was denied.  *See* Doc. No. 40.

---

[1] On December 7, 2004, petitioner was terminated from post release control.  His sentence has expired.  On May 25, 2004, however, petitioner was sentenced to twelve years on twelve counts of pandering sexually oriented matter involving a minor, in violation of O.R.C. §2907.322.  *See* Exhibits K and L to Return of Writ.  The latter convictions are not at issue here.

On July 14, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Trial court imposed an illegal sentence.
>
> Trial court sentenced defendant to eleven (11) months incarceration and "that the defendant be subject to three (3) years post release control," per plea agreement, in violation of O.R.C. §2967.28, which mandates five (5) years for the offense.
>
> 2. Ineffective assistance of counsel.
>
> Trial counsel was unfamiliar with P.R.C. statute and did not know five (5) years P.R.C. was mandatory and advised defendant to accept an illegal plea agreement that represented three (3) years P.R.C. as the maximum range of the P.R.C. portion of the sentence.
>
> 3. Plea was not voluntarily made with understanding of maximum sentence exposure.
>
> Trial counsel misadvised defendant that three (3) years P.R.C. was maximum range of supervision after completion of eleven (11) months incarceration, thus rendering plea involuntary and unknowingly entered.
>
> 4. The Ohio Adult Parole Authority (A.P.A.) violated due process by "correcting" improper sentence.
>
> Upon arrival at corrections reception center A.P.A., through their agent, increased the P.R.C. portion of defendant's sentence to five (5) years illegally increasing defendant's sentence by two years.

On July 6, 2005, the Court denied respondent's motion to dismiss and stayed the action pending exhaustion of state court remedies. Doc. No. 34. In the second motion to dismiss, respondent argues that all of petitioner's claims are procedurally defaulted and that this action has been rendered moot by the expiration of petitioner's sentence. This Court concludes that petitioner's

3

fourth claim is now moot and that petitioner has waived, by his procedural default, this Court's consideration of the remaining three claims.

## II. CLAIM FOUR

In claim four, petitioner asserts that he was denied due process when the Ohio Adult Parole Authority improperly increased his sentence by increasing his required term of post release control from three to five years.[2] As noted in the Magistrate Judge's *Report and Recommendation*, June 15, 2005, Doc. No. 28, such claim would properly be presented to the state courts in a petition for a writ of mandamus pursuant to O.R.C. 2731.01 or in a declaratory judgment action. *See Hattie v. Anderson*, 68 Ohio St.3d 232, 234 (1993); *William v. Perini*, 557 F.2d 1221, 1223 (6th Cir. 1977). It does not appear from the record before this Court that petitioner has utilized these procedures to pursue his fourth claim. Such claim, therefore, remains unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Nonetheless, the claim may no longer be presented for federal habeas corpus review because it is now moot.

Claim four challenges only the imposition of additional post release control by the Ohio Adult Parole Authority; however, on December 4, 2004, petitioner was terminated from post release control because of his convictions on new felony offenses. Exhibits L and M to Return of Writ. Similarly, in *Lane v. Williams*, 455 U.S. 624 (1982), defendants alleged that their constitutional rights had been violated when the trial court accepted guilty pleas without informing them of the mandatory parole requirement. The defendants in that case had been released on parole, and were

---

[2] To the extent that petitioner intends to assert in claim four issues regarding the validity of his guilty plea and the ineffective assistance of counsel, such claims are procedurally defaulted for the reasons discussed *infra*.

then re-incarcerated for violating parole. The United States Supreme Court held that the defendants' federal habeas corpus petitions became moot when their sentences fully expired:

> Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot. "Nullification of a conviction may have important benefits for a defendant ... but urging in a habeas corpus proceeding the correction of a sentence already served is another matter." *North Carolina v. Rice*, 404 U.S. 244, 248, 92 S.Ct. 402, 405, 30 L.Ed.2d 413.
>
> \*\*\*
>
> Through the mere passage of time, respondents have obtained all the relief that they sought. In these circumstances, no live controversy remains.

*Lane v. Williams,* 455 U.S. at 631-32. Likewise, in *Spencer v. Kemna*, 523 U.S. 1 (1998), the defendant filed a federal habeas corpus petition challenging the revocation of his parole. The Supreme Court again held that petitioner's federal habeas corpus petition was rendered moot when defendant's sentence fully expired:

> We adhere to the principles announced in *Lane*, and decline to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation.

*Id.,* at 14.

It is therefore recommended that petitioner's fourth claim be dismissed as moot. However, as discussed in the *Report and Recommendation*, June 14, 2005, in claims one through three, petitioner challenges the legality of his underlying conviction. Therefore, petitioner's release from incarceration and the expiration of his sentence on that conviction did not render those claims moot, since the petition challenging that conviction was filed while he was still incarcerated on that

5

conviction.  *Ward v. Knoblock*, 738 F.2d 134, 135 (6th Cir. 1984), citing *Fiswick v. United States*, 329 U.S. 211, 222 (1946), and *Carafas v. Lavallee,* 391 U.S. 234 (1968).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some "collateral consequence" of the conviction--must exist if the suit is to be maintained. *See, e.g., Carafas, supra*, at 237- 238, 88 S.Ct., at 1559-60. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur). *See Sibron v. New York*, 392 U.S. 40, 55-56 (1968).

*Spencer v. Kemna*, 523 U.S. at 7-8.

In sum, claim four should be dismissed as moot.

### III.  PROCEDURAL DEFAULT

Respondent again takes the position that petitioner's remaining three (3) claims should be dismissed as procedurally defaulted.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration.  28 U.S.C. §2254(b), (c).  If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies.  *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of

federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts that the trial court imposed an illegal sentence. In claim two, petitioner asserts that he was denied the effective assistance of counsel. In claim three, petitioner asserts that his guilty plea was not knowing, intelligent, and voluntary. All of these claims were raised by petitioner in his *pro se* appellate brief; however, petitioner failed to again present such claims in a timely manner to the Ohio Supreme Court. Instead, he filed a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a) which provides:

> (4)(a) In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the court of appeals opinion and the judgment entry being appealed shall be attached to the motion.
>
> (b) The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to *State v. Murnahan* (1992), 63 Ohio St. 3d 60, and App. R. 26(B). The Clerk shall refuse to file motions for delayed appeal involving postconviction relief.
>
> (c) A memorandum in support of jurisdiction shall not be filed at the time a motion for delayed appeal is filed. If the Supreme Court grants a motion for delayed appeal, the appellant shall file a memorandum in support of jurisdiction within 30 days after the motion for delayed appeal is granted. If a memorandum in support of jurisdiction is not timely filed after a motion for delayed appeal has been granted, the Supreme Court will dismiss the appeal.

On September 7, 2005, the Ohio Supreme Court denied petitioner's motion for delayed appeal. See Doc. No. 40. In *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004), the United States Court of Appeals for the Sixth Circuit held that the Ohio Supreme Court's denial of a motion for delayed appeal constitutes a procedural default of the claims raised therein:

> This case turns upon whether the Ohio Supreme Court entry denying Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition. Upon examination of the Ohio Supreme Court Rules, we conclude that it does. The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file

> a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits. Indeed, this court has previously reached this conclusion, albeit in unpublished opinions.
>
> We therefore conclude that Bonilla's grounds for relief have been procedurally defaulted. *See Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir.2000). Bonilla failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his failure to file a timely notice of appeal or to otherwise comply with the provisions of Ohio Sup.Ct. R. II, Section 2(A)(4). Where a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar. *Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir.1996)

*Id.* [citations omitted].  In view of the foregoing, this Court concludes that petitioner has procedurally defaulted claims one through three.  Additionally, petitioner has failed to demonstrate either cause for his procedural default or actual prejudice resulting from the alleged constitutional violations.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333.  After review of the record, the Court does not deem this to be such a case.

## IV.

In light of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** and that petitioner's request for default judgment, Doc. No. 42, be **DENIED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


<u>November 21, 2005</u>                                                             <u>     *s/Norah McCann King*     </u>
                                                                             Norah M<sup>c</sup>Cann King
                                                                             United States Magistrate Judge