IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL SMITH,**

    **Petitioner,**

  v.                      **CASE NO. 2:04-cv-606**
                              **JUDGE FROST**
                              **MAGISTRATE JUDGE KING**

**ALAN LAZAROFF, Warden,**

    **Respondent.**

## OPINION AND ORDER

This matter is before the Court on petitioner's motion for relief from final judgment dismissing the instant habeas corpus petition without consideration of his objections, and petitioner's notice of appeal, which this Court construes as a request for a certificate of appealability. Doc. No. 56. Petitioner also has filed his objections to the Magistrate Judge's *Report and Recommendation.* *See* Doc. No. 55.

For the reasons that follow, petitioner's motion for relief from judgment, Doc. No. 57, is **GRANTED**, and final judgment dismissing this action, Doc. Nos. 54, 55, is **VACATED.** Petitioner's objections are **OVERRULED;** this case is hereby **DISMISSED.**  Petitioner's request for a certificate of appealability is **DENIED**.

In this habeas corpus petition, petitioner asserts as follows:

> 1. Trial court imposed an illegal sentence.
>
> Trial court sentenced defendant to eleven (11) months incarceration and "that the defendant be subject to three (3) years post release control," per plea agreement, in violation of O.R.C. §2967.28, which mandates five (5) years for the offense.

>2. Ineffective assistance of counsel.
>
>Trial counsel was unfamiliar with P.R.C. statute and did not know five (5) years P.R.C. was mandatory and advised defendant to accept an illegal plea agreement that represented three (3) years P.R.C. as the maximum range of the P.R.C. portion of the sentence.
>
>3. Plea was not voluntarily made with understanding of maximum sentence exposure.
>
>Trial counsel misadvised defendant that three (3) years P.R.C. was maximum range of supervision after completion of eleven (11) months incarceration, thus rendering plea involuntary and unknowingly entered.
>
>4. The Ohio Adult Parole Authority (A.P.A.) Violated due process by "correcting" improper sentence.
>
>Upon arrival at corrections reception center A.P.A., through their agent, increased the P.R.C. portion of defendant's sentence to five (5) years illegally increasing defendant's sentence by two years.

On November 21, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that claim four be dismissed as moot, and that the remainder of petitioner's claims be dismissed as procedurally defaulted. Doc. No. 49. On December 2, 2005, the Court granted petitioner's request for an extension of time until January 31, 2006, to file objections to the *Report and Recommendation*. Doc. No. 52. No objections were filed, however, and on February 7, 2006, final judgment was entered dismissing this action. Doc. Nos. 53, 54. The next day, on February 8, 2006, petitioner filed a motion for relief from final judgment dismissing his habeas corpus petition. Petitioner has also filed his objections to the *Report and Recommendation*. Doc. Nos. 55, 57. In support of his motion, petitioner states that he timely filed his objections on January 26, 2006, but that his objections were returned to him due to insufficient funds. *See* Doc. No. 57.

Federal Rule of Civil Procedure 60(b) provides:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

A district court's decision regarding a 60(b) motion is reviewed on appeal for an abuse of discretion.

*Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir. 1998).  In order to obtain relief under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect,

> the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious defense.

*Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980).

> The courts have defined "neglect" to include "'late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control.'" [*Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 386 (6t Cir. 2001)] (quoting *Pioneer Invest. Servs. Co. v. Brunswick Assocs*., 507 U.S. 380, 388 (1993).  Although Rule 60(b)(1) does not define the term "excusable neglect," the courts have determined the existence of excusable neglect by making an equitable determination based upon the following factors: "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith."  *Id*. (citing *Pioneer*, 507 U.S. at 395).

*Burley v. Bosch Americas* Corporation*,* 75 Fed. Appx. 329, 333, unpublished, 2003 WL 22025030

(6th Cir. August 27, 2003).

In view of the foregoing, and considering petitioner's incarcerated status, petitioner's motion for relief from judgment, Doc. No. 57, is **GRANTED**. Final judgment dismissing this action without consideration of petitioner's objections, Doc. Nos. 54, 55, is **VACATED**.

The Court will now consider petitioner's objections to the *Report and Recommendation. See* 28 U.S.C. §636(b). Petitioner objects to all of the Magistrate Judge's recommendations, again raising all the same arguments that he previously presented. In addition, petitioner appears to assert, as cause for his procedural default of claims one, two, and three, his *pro se* incarcerated status and the ineffective assistance of counsel. *See Objections*, Doc. No. 55.

As noted by the Magistrate Judge, claims one through three are procedurally defaulted due to petitioner's failure to file a timely appeal to the Ohio Supreme Court. *Report and Recommendation*, at 6-9. The ineffective assistance of counsel cannot constitute cause for petitioner's procedural default of such claims, because petitioner had no right to counsel on appeal to the Ohio Supreme Court. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003). Similarly, petitioner's *pro se* incarcerated status, and his "ignorance of the law and procedural requirements for filing a timely notice of appeal" are insufficient to establish cause for his procedural default. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted *de novo* review of those portions of the *Report and Recommendation* to which petitioner objects. Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

4

Petitioner has filed a notice of appeal, which this Court construes as a request for a certificate of appealability. Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 120 S.Ct. 1595 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court concludes that petitioner has failed to establish either that reasonable jurists could debate whether the Court was correct in its procedural rulings or that the petition states a valid claim of the denial of a constitutional right. *Id*.

In sum, petitioner's motion for relief from judgment, Doc. No. 57, is **GRANTED.** Final judgment dismissing this action, Doc. Nos. 54, 55, is **VACATED.** Petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This case is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **DENIED.**

    **IT IS SO ORDERED.**

                                                         /s/ Gregory L. Frost
                                                            GREGORY L. FROST
                                                     United States District Judge